**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**ENRIQUE MARQUEZ,**

**Plaintiff,**

**v.**

**Case No. 8:26-cv-2259-MSS-AEP**

**Crim. Case No. 8:22-cr-236-MSS-AEP**

**UNITED STATES OF AMERICA,**

**Defendant.**

_________________________________/

# O R D E R

Marquez filed in his criminal case a motion titled "Motion Respectfully Requesting [the] Court to Grant an Order of Supreme Court Constitution Change of Law that Justified Relief to Vacate with Integrity a Legal Error." (Crim. Doc. 162) To comply with *Castro v. United States*, 540 U.S. 375 (2003), the Court warned Marquez about the bar on a second or successive motion to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255 and directed Marquez to notify the Court whether he wanted to withdraw or amend his motion or instead agreed that the motion should be construed as a Section 2255 motion. (Crim. Doc. 167) The Court advised Marquez that if he failed to respond to the order, the Court would construe the motion as a Section 2255 motion and rule on the motion. (Crim. Doc. 167 at 2) Because Marquez failed to respond to the order, the Court directed the Clerk to docket the motion as a Section 2255 motion in this new action. (Crim. Doc. 178)

The Court reviews the Section 2255 motion for sufficiency. Rule 4(b), Rules Governing Section 2255 Proceedings. In the motion, Marquez requests that the Court vacate his convictions for possession of a firearm in furtherance of a crime of violence under 18 U.S.C. § 924(c) because he contends that the convictions are predicated on an attempted Hobbs Act robbery. (Doc. 1 at 1) He cites *United States v. Taylor*, 596 U.S. 845 (2022), to support his claim. (Doc. 1 at 1)

In 2023, Marquez pleaded guilty to conspiracy to commit a Hobbs Act robbery (Count One), four counts of Hobbs Act robbery (Count Two, Count Four, Count Six, and Count Eight), two counts of carrying and brandishing a firearm during a crime of violence (Count Three and Count Five), and attempted Hobbs Act robbery. (Count Ten) (Crim. Doc. 135 at 1) The Court sentenced Marquez to concurrent terms of forty-seven months in prison for Count One, Count Two, Count Four, Count Six, Count Eight, and Count Ten, and two consecutive terms of eighty-four months in prison for Count Three and Count Five, for a total of 215 months in prison. (Crim. Doc. 135 at 3) Marquez did not appeal. On April 16, 2026, Marquez filed his construed Section 2255 motion. (Doc. 1 at 2) *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

A one-year statute of limitation applies to a Section 2255 motion. 28 U.S.C. § 2255(f). Also, "[u]nder the procedural default rule, 'a defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a Section 2255 proceeding.'" *McKay v. United States*, 657 F.3d 1190, 1196 (11th Cir. 2011) (citation

omitted). However, for judicial efficiency and economy, the Court will bypass an analysis of any procedural bar and proceed to the merits of Marquez's claim. *Day v. McDonough*, 547 U.S. 198, 205–06 (2006); *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997).

Marquez pleaded guilty to carrying and brandishing a firearm during a crime of violence as charged in Count Three and Count Five of the indictment. (Crim. Doc. 83) In Count Three and Count Five, the indictment charged Marquez with the crimes as follows:

<u>Count Three</u>

> On or about May 5, 2022, in the Middle District of Florida, the defendant, [ ] Enrique Marquez, did knowingly use and carry and brandish a firearm during and in relation to a crime of violence for which the defendant may be prosecuted in a Court of the United States, specifically, **interference with commerce by robbery in violation of 18 U.S.C. § 1951**, as alleged in Count Two above; Count Two being incorporated by reference. In violation of 18 U.S.C. § 924(c)(1)(A)(ii) and 18 U.S.C. § 2.
>
> (Crim. Doc. 1 at 3) (bolding added)

<u>Count Five</u>

> On or about May 5, 2022, in the Middle District of Florida, the defendant, [ ] Enrique Marquez, did knowingly use and carry and brandish a firearm during and in relation to a crime of violence for which the defendant may be prosecuted in a Court of the United States, specifically, **interference with commerce by robbery in violation of 18 U.S.C. § 1951**, as alleged in Count Four above; Count Four being incorporated by reference. In violation of 18 U.S.C. § 924(c)(1)(A)(ii) and 18 U.S.C. § 2.
>
> (Crim. Doc. 1 at 4) (bolding added).

In Count Two and Count Four, the indictment charged Marquez with a Hobbs Act robbery in violation of 18 U.S.C. § 1951(a) and (b). (Crim. Doc. 1 at 2–4) Neither count charged Marquez with an attempted Hobbs Act robbery.

Under 18 U.S.C. § 924(c)(1)(A)(ii) (bolding added), a person who carries and brandishes a firearm during a crime of violence must receive a consecutive sentence of at least seven years in prison:

> Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, **during and in relation to any crime of violence** or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, **uses or carries a firearm**, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime — if the **firearm is brandished**, be sentenced to a term of imprisonment of not less than seven years[.]

Section 924(c)(3)(A) and (c)(3)(B) define a crime of violence as a felony offense that either "has as an element the use, attempted use, or threatened use of physical force against the person or property of another" or "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."

*United States v. Taylor*, 596 U.S. 845, 860 (2022), held that an attempted Hobbs Act robbery does not meet the definition of a crime of violence under Section 924(c)(3)(A) because the crime does not require proof of the use, attempted use, or

threatened use of force.[1] However, *United States v. Wiley*, 78 F.4th 1355, 1365 (11th Cir. 2023), clarified that *Taylor* applies only to an attempted Hobbs Act robbery and does not disturb the Eleventh Circuit's earlier opinion that held that a Hobbs Act robbery is a crime of violence under Section 924(c)(3)(A). *See In re Colon*, 826 F.3d 1301, 1305 (11th Cir. 2016) (citing *In re Fleur*, 824 F.3d 1337, 1341 (11th Cir. 2016)). *United States v. Solomon*, 136 F.4th 1310, 1318 (11th Cir. 2025) ("But *Taylor* says nothing of the completed crime of Hobbs Act robbery and thus does not disturb our precedent holding that Hobbs Act robbery is a crime of violence."). Because Count Three and Count Five in the indictment are predicated on a Hobbs Act robbery as a crime of violence and because Marquez pleaded guilty to Count Three and Count Five as charged in the indictment, Marquez's claim is refuted by the record.

Accordingly, Marquez's Section 2255 motion (Doc. 1) is **DENIED**. The Clerk is **DIRECTED** to enter a judgment against Marquez, **DOCKET** a copy of this Order in the criminal action, and **CLOSE** this case.

## DENIAL OF A CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS*

Because Marquez neither makes a substantial showing of the denial of a constitutional right nor shows that reasonable jurists would find debatable both the merits of the underlying claims and the procedural issues, a certificate of appealability

[1] *United States v. Davis*, 588 U.S. 445, 470 (2019), held that the definition of crime of violence under Section 924(c)(3)(B) is unconstitutionally vague.

and leave to appeal *in forma pauperis* are **DENIED**. 28 U.S.C. § 2253(c)(2). *Slack v. McDaniel*, 529 U.S. 473, 478 (2000).

**DONE AND ORDERED** in Tampa, Florida on August 25, 2026.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE